CALDWELL et al. v. POWELL.

(Circuit Court, E. D. Pennsylvania. December 20, 1895.)

No. 13.

1. PLEADING IN PATENT SUITS—DEMURRER. FOR WANT OF NOVELTY.
   The question as to the patentable novelty of a design covered by a patent sued on may be raised by demurrer to the bill; but the demurrer should not be sustained unless the invalidity of the patent be plain, and the common knowledge relied on to defeat it be matters of which the court may properly take judicial notice.

2. DESIGN PATENTS—INVENTION.
   There is no patentable novelty or invention in producing a college badge by placing different shades of color in divided stripes upon a guidon floating from a staff.

3. SAME—BADGES.
   The Van Roden design patent, No. 20,748, for a badge, is void for want of novelty and invention.

This was a suit in equity by James Albert Caldwell and others, doing business as Caldwell & Co., against Charles S. Powell, for alleged infringement of a patent covering a design for a badge.

Lewin W. Barringer and John P. Croasdale, for complainants.
Edwin Gaw Flanigan and Harding & Harding, for defendant.

DALLAS, Circuit Judge. The bill is demurred to on the ground that the letters patent which it sets forth, and upon which its prayer for relief is founded, "are, and always have been, void for want of patentable novelty." My examination of the authorities satisfies me that it is competent for the defendant to raise the question thus indicated by the method he has adopted; but, as I am also of opinion that no case of this character should be disposed of upon such a demurrer, unless the invalidity of the patent be plain, and the common knowledge relied upon to defeat it be of matters of which the court may properly take judicial notice, I deem it proper to briefly state the grounds upon which my conclusion in this instance has been reached.

The patent in suit (No. 20,748) was issued to George C. Van Roden, assignor, etc., upon May 19, 1891, for a design for a badge. The drawing represents the "design" thus:

The terms of the patent are as follows:

"Be it known that I, George C. Van Roden, a citizen of the United States, residing in the city and county of Philadelphia, state of Pennsylvania, have invented and produced a new and original design for a badge, of which the following is a specification, reference being had to the accompanying drawing, forming part thereof. The leading feature of my design for a badge is a guidon having a field of different shades, and a staff from which the guidon apparently floats. In the drawing, A designates a badge consisting of the guidon, B, and the staff, C. The field of the guidon is of different shades, as at D, E, with a divisional line, F, between the same. The badge is more particularly designed for students, graduates, or others of the University of Pennsylvania, and the shades of the field represent the 'colors' of said institution. I claim a design for badge, substantially as shown and described."

A guidon is an old and well-known form of a small flag or streamer, used for a variety of purposes,—amongst others, as "the flag of a guild or fraternity." Webst. Dict. "It is broad at the end next the staff, and pointed, rounded, or notched at the other end." Century Dict. Clearly, then, this design, so far as it is composed of a guidon form and a staff, was not new, and, indeed, the specification seems to concede this. Neither is there novelty, under the law, in making the field of the guidon of different shades, representing the "colors" of the University of Pennsylvania, with a divisional line. "Fields" of various different shades, with divisional lines, were certainly not new; and whether the fact that the university colors were commonly known should, if material, be judicially noticed, need not be decided, for the patent assumes it. Viewed as an entirety, the effect produced by the arrangement of form and color adopted by the patentee may be said to be a pleasing one; but that, by industry or genius, he invented and produced a design which was new and original (Rev. St. § 4929) I am wholly unable to perceive. I am aware that, by some of the decisions of the courts, design patents have been upheld upon very slight evidence, or appearance of originality, invention, or novelty; but I know of none which requires me, against my own very decided judgment, to hold that originality was displayed, invention exercised, and novelty introduced by placing different shades of color in divided stripes upon an old form of flag. A shield, a parallelogram, or a circle, if striped in the same manner, might, quite as reasonably, be each covered by a patent; and, if the requirements of the statute are not to be absolutely disregarded, and every trifling effort, not of invention, but of imitation, be given protection, it cannot, in my opinion, be accorded in such a case as the present one. The demurrer is sustained, and the bill is dismissed.